■ In the Matter of the Claim of Rosemarie Poverelli, Appellant, v Nabisco/Kraft Company, et al., Respondents. Workers' Compensation Board, Respondent. [999 NYS2d 877]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed April 12, 2013, which, among other things, ruled that claimant did not sustain causally related consequential injuries.

Claimant sustained a compensable injury to her lower back while working for the employer in 1986 and thereafter was awarded workers' compensation benefits. According to claimant, her back injury periodically produced radiating pain through her lower extremities and, in 2008, she began experiencing pain in both knees. As a result, claimant asserted a consequential bilateral knee injury arising from her established back injury. Following a hearing, a Workers' Compensation Law Judge found that there was insufficient medical evidence to establish that claimant's knee pain was consequentially related to her com-

pensable back injury. Upon review, the Workers' Compensation Board affirmed and, further, assessed a penalty against claimant's attorney for seeking review without reasonable grounds. This appeal by claimant ensued.

We affirm. "A claimant bears the burden of establishing, by competent medical evidence, a causal relationship between an injury and his or her employment" (*Matter of Cronk v Lyndaker Excavating & Trucking*, 57 AD3d 1204, 1204 [2008] [citations omitted]; *see Matter of Bland v Gellman, Brydges & Schroff*, 100 AD3d 1289, 1291 [2012], *lv dismissed* 20 NY3d 1055 [2013]; *Matter of Jaquin v Community Covenant Church*, 69 AD3d 998, 999 [2010]). In this regard, "[w]hether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board, and its determination will not be disturbed when supported by substantial evidence" (*Matter of Bailey v Ben Ciccone, Inc.*, 104 AD3d 1017, 1017 [2013]; *accord Matter of Goldstein v Prudential*, 117 AD3d 1368, 1369 [2014]).

Although the resolution of conflicting medical opinions is a matter committed to the Board's sound discretion (*see Matter of Connolly v Hubert's Serv., Inc.*, 96 AD3d 1115, 1116 [2012]), the record before us presents no such conflict; rather, claimant's proof simply fails to establish a causal connection between her compensable back injury and her bilateral knee pain. In this regard, claimant's treating physician, Neil Roth, candidly testified that it would be "very hard . . . to speculate" as to whether claimant's bilateral knee pain was causally related to her prior work-related accident. Roth further testified that claimant's back and knee complaints were "independent issues," noting that claimant's "symptoms were predominantly mechanical knee symptoms that [would not] necessarily correlate causally to a low back injury." Indeed, when asked to express an opinion on this point, Roth stated only that there was "a possibility" that claimant's compensable back injury and subsequent knee complaints were causally related. Claimant also underwent an independent medical examination by an orthopedic surgeon, who opined that claimant suffered from "[b]ilateral degenerative disease of both knees"—a condition that "took many years to develop" and was not causally related to claimant's prior compensable injury. In light of such testimony, the Board's finding of no causal relationship is supported by substantial evidence (*see Matter of Dizenzo v Henderson & Johnson*, 114 AD3d 1014, 1014 [2014])—as is its decision to impose a monetary penalty upon claimant's counsel for pursuing Board review "without reasonable ground" (Workers' Compensation Law § 114-a [3] [ii]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.